IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| JODI L. TACKETT, | ) | CASE NO. 3:18 CV 01560 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is an action by Jodi Tackett under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits and supplemental security income. Substantial evidence supports the ALJ's decision. I, therefore, recommend the Commissioner's decision be affirmed.

## Issues Presented

This case presents two issues:

- The ALJ gave the opinion of Christian Oberlies, a mental health counselor, little weight. As reasons, the ALJ stated that the objective evidence did not support the severity opined, and Tackett's level of daily activity and interactions were inconsistent with the limitations identified. Does substantial evidence support the ALJ's weight assignment?

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated July 10, 2018.

- The ALJ found that Tackett's alleged fibromyalgia was not a medically determinable impairment. Does substantial evidence support that finding?

## Facts

Tackett was 36 years old as of the date of decision. The ALJ determined Tackett possessed the residual functional capacity ("RFC") to perform sedentary work, with additional postural and mental limitations.[2] Tackett's severe impairments include: congestive heart failure, status post defibrillator; status post gastric bypass surgery; obstructive sleep apnea; osteoarthritis of the bilateral knees; bursitis of the hips; psoriasis; bipolar disorder; post-traumatic stress disorder; and alcohol abuse in reported remission.[3] The ALJ found Tackett's alleged fibromyalgia not a medically determinable impairment for failure to meet the American College of Rheumatology ("ACR") criteria.[4]

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence

---

[2] ECF No. 10, Transcript ("Tr.") at 16-17.
[3] *Id.* at 12-13.
[4] *Id.* at 13.

> as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[6] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**A.     Treatment of Oberlies's opinion**

Oberlies, a licensed social worker, saw Tackett through Coleman Behavioral Health Center ("CBHC"). It appears that Tackett's relationship with CBHC began on June 27, 2016.[8] Oberlies's opinion, dated July 5, 2017, is a three-page "check the box" form.[9] Oberlies opined that Tackett had two extreme limitations, seven marked limitations, and six moderate limitations.[10] Some, but not all, of these limitations are incorporated into the

---

[5] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[8] Tr. at 1777-1833.
[9] *Id.* at 2777-79.
[10] *Id.*

3

RFC.[11] One limitation in particular – inability to maintain attention and concentration for more than 50% of a work day or work week—would eliminate a significant number of jobs in the national economy that Tackett could perform.[12]

The Sixth Circuit made clear some time ago that ALJs need only give good reasons when affording less than controlling weight to *treating* sources.[13] Mr. Oberlies, a social worker, does not meet the criteria of an "acceptable medical source" as defined by Social Security Administration regulations.[14] And only acceptable medical sources may qualify as treating sources, if other criteria are met.[15] But ALJs still must consider the opinions from "other sources" (that is, not acceptable medical sources) and "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewed to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."[16] The ALJ fulfilled this requirement here. The ALJ

---

[11] *Id.* at 16-17.
[12] *Id.* at 86-87.
[13] *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).
[14] SOCIAL SECURITY ADMINISTRATION, TITLES II AND XVI: CONSIDERING OPINIONS AND OTHER EVIDENCE FROM SOURCES WHO ARE NOT "ACCEPTABLE MEDICAL SOURCES" IN DISABILITY CLAIMS; CONSIDERING DECISIONS ON DISABILITY BY OTHER GOVERNMENTAL AND NONGOVERNMENTAL AGENCIES ("SSR 06-03p"), 2006 WL 2329939, at *1 (Aug. 9, 2006).
[15] *Id.* at *2.
[16] *Id.* at *6. While this Social Security Ruling was rescinded for claims filed on or after March 27, 2017, it remains applicable to Tackett's claim. *See* SOCIAL SECURITY ADMINISTRATION, RESCISSION OF SOCIAL SECURITY RULINGS 96-2P, 96-5P, AND 06-03P, 2017 WL 1105348 (Mar. 27, 2017).

4

extensively discussed the treatment notes from CBHC[17] and listed inconsistency with the objective medical evidence and with Tackett's normal levels of daily activity and interactions as reasons for the weight assigned.[18] Under the deferential "zone of choice" standard of review, substantial evidence supports the ALJ's treatment of Mr. Oberlies's opinion.

**B.     Fibromyalgia**

Social Security Ruling ("SSR") 12-2p controls here.[19] It sets out the requirements for finding fibromyalgia a medically determinable impairment.[20] This Ruling incorporates the 1990 ACR Criteria for Classification of Fibromyalgia, as well as the 2010 ACR Preliminary Diagnostic Criteria.[21] The Commissioner argues that all the criteria must be met, and a rheumatologist must give an opinion that the criteria are met. Clearly, this did not happen. Tackett's counsel admitted at oral argument that the medical evidence does not technically meet the criteria. Rather, Tackett makes an argument analogous to a Step Three "equals a listing" approach. But equivalency at Step Three requires a medical opinion, and for good reason. Counsel, ALJs, and the Court for that matter, should not be interpreting raw medical data in the record and deciding whether it is the medical equivalent of specific diagnostic criteria without the benefit of medical opinions. The same

---

[17] Tr. at 24-25.
[18] *Id.* at 25-26.
[19] SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY RULING, SSR 12-2P; TITLES II AND XVI: EVALUATING FIBROMYALGIA ("SSR 12-2p"), 2012 WL 3104869 (July 25, 2012).
[20] *Id.* at **2-3.
[21] *Id.*

5

rationale applies here. No medical source has opined that despite Tackett not meeting the ACR criteria, her fibromyalgia otherwise "equals" that criteria.

In contrast, the state agency reviewing physicians on reconsideration had the benefit of the treatment notes of Dr. Madhu Mehta, a rheumatologist, diagnosing Tackett with fibromyalgia.[22] And yet the state agency reviewing physicians did not find her fibromyalgia to be a medically determinable impairment, or a severe one at that.[23] Furthermore, the ALJ discussed Dr. Mehta's treatment notes that post-dated the state agency reviewing physicians' review at Step Four – albeit in the context of Tackett's arthritis and bursitis, and not her fibromyalgia.[24]

This is not a case where the ALJ ignored the alternative criteria under the 2010 ACR Preliminary Diagnostic Criteria[25] or contrary lines of evidence, or where the ALJ mischaracterized or misconstrued evidence in the record.[26] Nor does counsel even argue that the remainder of the record fills in the gaps of a treating rheumatologist's treatment notes to meet the requisite diagnostic criteria.[27] Despite citing to a significant number of

---

[22] Tr. at 128-29, 134-35, 145-46, 150, 152.
[23] *Id.* at 135-36, 152.
[24] *Id.* at 21.
[25] *Bush v. Comm'r of Soc. Sec.*, No. 3:17-cv-333, 2019 WL 1449739, at *3 (S.D. Ohio Apr. 1, 2019), *report and recommendation adopted by* 2019 WL 1767392 (S.D. Ohio Apr. 22, 2019).
[26] *Starcher v. Berryhill*, No. 2:15-cv-3113, 2016 WL 5929048, at *5 (S.D. Ohio Oct. 12, 2016), *report and recommendation adopted by* 2016 WL 6493427 (S.D. Ohio Nov 02, 2016).
[27] *Cline v. Berryhill*, No. 3:16-cv-503-CCS, 2018 WL 701277, at *4 (E.D. Tenn. Feb. 1, 2018); *Decker v. Berryhill*, No. 3:16-cv-00303, 2017 WL 2633191, at *3 (S.D. Ohio June 19, 2017), *report and recommendations adopted by* 2017 WL 2935668 (S.D. Ohio July 10, 2017).

pages in the record regarding purported "co-occurring conditions" – many of which pre-dated the state agency reviewing sources' review – counsel conceded at oral argument that Tackett failed to meet the ACR criteria required under SSR 12-2p, which governs the determination of fibromyalgia as a medically determinable impairment. Tackett – represented by counsel both here and below – bears the burden of proof at Steps One through Four, and she has failed to meet it here. The ALJ did not err in finding Tackett's fibromyalgia did not constitute a medically determinable impairment.

## Conclusion

Substantial evidence supports the ALJ's decision. I, therefore, recommend the Commissioner's decision be affirmed.

IT IS SO RECOMMENDED.

Dated: May 28, 2019    s/ William H. Baughman, Jr.
　　　　　　　　　　　　　United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[28]

---

[28] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).