IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jodi L. Tackett, | Case No. 3:18 CV 1560 |
| Plaintiff, | ORDER ADOPTING <u>REPORT & RECOMMENDATION</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jodi Tackett applied for disability insurance benefits and supplemental security income; Defendant Commissioner of Social Security denied that application (*see* Doc. 12 at 2). Tackett filed this Complaint seeking judicial review of that decision (Doc. 1). Her case was referred to Magistrate Judge William Baughman for a Report and Recommendation (R&R) under Local Civil Rule 72.2. After receiving Briefs on the Merits (Docs. 12, 15–16) and hearing argument (Doc. 18), Judge Baughman issued an R&R (Doc. 19), which recommends affirming the Commissioner's decision. Tackett objects (Doc. 20); the Commissioner responds (Doc. 21).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* only those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections to the R&R must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018). *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

Here, Tackett makes a single objection, alleging the administrative law judge (ALJ) incorrectly evaluated the treating counselor's opinions and provided inadequate reasons for rejecting those opinions (Doc. 20 at 2–3). This general objection is the same argument made to the Magistrate Judge (*see* Doc. 12 at 6–9). Thus, it triggers only clear-error review. This Court has reviewed the R&R and finds no clear error.

The Objection (Doc. 20) is overruled. This Court adopts the R&R (Doc. 19) in its entirety. Accordingly, the Commissioner's decision is affirmed, and this action is dismissed. Further, this Court certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 2, 2019